UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRIS LEE, ET AL.,<br><br>  Plaintiffs,<br><br>v.<br><br>NORTHWEST FIBER, LLC, d/b/a ZIPLYFIBER; ZIPLY FIBER OF IDAHO, LLC; ZIPLY FIBER NORTHWEST, LLC; HHS CONSTRUCTION, LLC; PG ENGINEERING MANAGEMENT CORP d/b/a PG CONTRACTORS, LLC a/k/a PG CONTRACTORS ENGINEERING MANAGEMENT CORP; MASTOD'S CONSULTING SERVICES, INC.; AVISTA CORPORATION d/b/a AVISTA UTILITIES; DOES 1-10; and DOE ENTITIES 1-10,<br><br>  Defendants. | Case No. 2:23-cv-00075-AKB (lead)<br>Case No. 2:23-cv-00480-AKB (consolidated)<br>Case No. 2:23-cv-00579-AKB (consolidated)<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Avista Corporation's Motion for Dismissal of Tullis Plaintiffs' Claims. (Dkt. 77). All other named defendants have filed notices of non-objection and joined the motion, including Northwest Fiber, LLC d/b/a Ziply Fiber; Ziply Fiber of Idaho, LLC; Ziply Fiber Northwest, LLC (Dkt. 78); HHS Construction, Inc. (Dkt. 79); PG Engineering Management Corp.; PG Contractors, LLC; PG Contractors Engineering Management Corp. (Dkt. 82); and Mastod's Consulting Services, Inc. (Dkt. 83). Defendants move to dismiss with prejudice all claims brought by Plaintiffs Benjamin Tullis and Melissa Tullis, husband and wife,

**MEMORANDUM DECISION AND ORDER** - 1

individually and on behalf of E.T. and S.T., their minor children, and Levi Tullis and Rachel Tullis, adult male and female children (collectively, "Tullis Plaintiffs"). (Dkt. 77).

On December 4, 2024, and before Defendants moved to dismiss the Tullis Plaintiffs, the Court granted the Tullis Plaintiffs' counsel's Motion to Withdraw as Attorney. (Dkts. 74, 75). In its Order granting that motion, the Court explained that the withdrawing counsel was required to represent the Tullis Plaintiffs under Idaho Local District Civil Rule 83.6(c)(2) until counsel filed proof of service of the Court's Order on the Tullis Plaintiffs, or alternatively, until the Tullis Plaintiffs notified the Court in writing that they had received the Court's Order. (Dkt. 75). Further, the Court explained that the Tullis Plaintiffs had twenty-one days from the filing of the proof of service to file a written notice with the Court stating how and by whom they would be represented. (*Id.*). Finally, the Court explained that if the Tullis Plaintiffs failed to appear, either in person or through a newly appointed attorney, within twenty-one days, that failure would be grounds to dismiss the Tullis Plaintiffs' claims with prejudice and without further notice. (*Id.*). On December 12, withdrawing counsel filed an affidavit of proof of service. (Dkt. 76). Since then, none of the Tullis Plaintiffs have appeared, either in person or through an attorney.

Because the Tullis Plaintiffs have failed to respond to Defendants' Motion for Dismissal of Tullis Plaintiffs Claims, the Court may treat this failure as consent to the granting of the motion. *See* Dist. Idaho Loc. Civ. R. 7.1(e)(1). Accordingly, the Court dismisses the Tullis Plaintiffs' claims with prejudice because of their failure to appear following the withdrawal of their attorney, as required under Rule 83.6(c)(2), and because of their failure to respond to Defendant's motion, which constitutes consent to Defendants' motion.

**IT IS ORDERED** that:

1. Defendant Avista Corporation's Motion for Dismissal of Tullis Plaintiffs' Claims (Dkt. 77) is **GRANTED**.

2. All claims brought by Plaintiffs Benjamin Tullis and Melissa Tullis, husband and wife, individually and on behalf of E.T. and S.T., their minor children, and Levi Tullis and Rachel Tullis, adult male and female children, are **DISMISSED WITH PREJUDICE AGAINST ALL DEFENDANTS.**

DATED: April 15, 2025

Amanda K. Brailsford
U.S. District Court Judge